1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANK ORTIZ,                                         )
                                                     )       3:07-CV-0531-BES (VPC)
          Plaintiff,                        )
                                                     )
        vs.                                   )       **REPORT AND RECOMMENDATION**
                                                     )       **OF U.S. MAGISTRATE JUDGE**
ISIDRO BACA, et al.,                                 )
                                                     )
          Defendants.                       )       January 15, 2009
_____)

       This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to enforce settlement agreement (#25) which plaintiff opposed (#28). Also before the court is plaintiff's motion for order enforcing settlement agreement and for sanctions and request for sanctions (#26), which defendants opposed (#31).[1] As more fully set forth below, the court recommends defendants' motion be granted and plaintiff's motion be denied.

     **I.**    **Procedural History**

       Plaintiff Frank Ortiz ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). At all times relevant to this action, plaintiff was housed at Ely State Prison ("ESP"). Plaintiff generally alleges that on June 22, 2007, defendants shackled him in "black box" wrist restraints that were too tight, which caused him to suffer extreme pain and numbness in his left-hand thumb, and that defendants ignored his complaints and requests for medical attention. Plaintiff further alleged that defendants retaliated against him for filing grievances. The court issued a screening order and dismissed plaintiff's first claim for relief, which alleged denial of access to the court and the underlying factual allegations (#10).

_____

[1]Plaintiff moved to strike defendants' opposition to his motion to enforce settlement agreement (#35), and the court denies that motion in a separate minute order.

On November 18, 2008, this court convened an early mediation conference in this case, and the parties reached a settlement (#24). As is the court's custom, the terms of the settlement were placed on the official court record. The court has reviewed the recording of the hearing to confirm its recollection of the settlement. The court stated on the record that it would recite the terms of the settlement and that if any party or counsel required clarification or had any questions, that person was invited to so advise the court. The court further stated that an essential term of the settlement was that the parties had a binding agreement that day, and the court would canvass the parties and counsel to confirm that they understood and agreed to the settlement terms. The court noted that although the parties had a binding settlement agreement that day, defendants' counsel was to memorialize those terms in a written settlement agreement for the parties' signatures (#24). However, the parties understood and agreed that that fact would be no basis to renege on the settlement.

The terms of the settlement stated on the record and agreed among the parties and counsel were as follows:

1. The parties understood and agreed that they had a binding settlement agreement that day, that the agreement would be memorialized in writing.

2. Plaintiff agreed to dismiss all claims arising from or related to this lawsuit, whether or not raised in his complaint.

3. Plaintiff agreed to sign the written settlement agreement and stipulation and order dismissing this case with prejudice on November 25, 2008, when defendants' counsel and plaintiff believed they would appear together at a court hearing in another case.

4. Defendants agreed to furnish plaintiff with copies of the following documents filed in another case filed with this court, Case No. 3:01-CV-0018-HDM-RAM (the "Abrahamson litigation") at the agreed-upon cost of eight cents ($.08) per downloaded page:

    A.   The case docket sheet;
    B.   The case scheduling order;
    C.   The most recently filed amended complaint, which was filed prior to the issuance of the scheduling order;
    D.   The plaintiff's motion for temporary restraining order, filed in February or March 2003;
    E.   The defendants' opposition to the motion for a temporary restraining order;
    F.   The defendants' motion for summary judgment filed on March 31, 2003; and
    G.   The order granting defendants' motion for summary judgment.

2

5.   Defendants agreed to pay plaintiff the sum of Fifty Dollars ($50.00) in consideration of this settlement, which amount would first be applied to the copying costs for the papers plaintiff identified from the Abrahamson litigation.

6.   To the extent any balance remained after copying costs, the defendants would deposit that sum into plaintiff's Trust Two inmate account.

7.   Copying of the documents and the deposit of any balance remaining of the Fifty Dollars ($50.00) in plaintiff's Trust Two account was to be completed no later than December 8, 2008.

8.   The signed stipulation and order dismissing this case with prejudice would be filed no later than December 10, 2008, and this court would retain jurisdiction over the settlement until the parties lodged that document with the clerk of court.

9.   The stipulation and order of dismissal would not be lodged with the clerk of court until copying of the documents was complete and any balance remaining was deposited in plaintiff's Trust Two account.

10.  If the documents identified above exceeded Fifty Dollars ($50.00) at Eight Cents ($.08) per page, defendants' counsel would confer with plaintiff to allow plaintiff to decide which documents he would not have copied so that he would not exceed the Fifty-Dollar copying limit.

11.  Plaintiff agreed that he did not want defendants' counsel to copy any medical records that might be attached as exhibits to the documents identified above.

12.  In anticipation that plaintiff and defendants' counsel would meet in person on November 25, 2008, at a court hearing, it was agreed that defendants' counsel would review the requested documents on the court's PACER system so that in the event the number of copies exceeded Fifty Dollars ($50.00) in copying costs, plaintiff could prioritize what documents he wanted copied at that time.

When the court, counsel and the parties put the settlement terms on the record, the court inquired of all present at least three times if there were any clarifications or questions concerning the settlement. In each instance, the plaintiff responded that he had no questions or clarifications, and he had no additional terms to be placed on the record.

Subsequent to the settlement conference, plaintiff and defendants' counsel did not meet in person on November 25, 2008, since plaintiff did not attend the hearing in person as originally expected; however, the court clerk allowed the two to speak telephonically before the hearing to discuss the settlement (#25, Geddes decl.). As set forth in Mr. Geddes's declaration, he and plaintiff discussed the volume of papers to be copied, which exceeded the agreed-upon Fifty Dollars ($50.00). *Id.* Plaintiff identified the documents he wanted to have copied for a total of

1    129 pages for a total cost of $10.32. *Id.* Having resolved the copying issue, defendants' counsel

2    faxed the proposed settlement agreement and the stipulation and order of dismissal to plaintiff

3    that same day. *Id.*

4         In response, plaintiff faxed defendants' counsel the draft agreement and stipulation with

5    revisions. *Id.* To better understand the revisions, defendants' counsel called plaintiff again on

6    December 1, 2008, and after a lengthy discussion, defendants' counsel agreed to some, but not

7    all, of plaintiff's requested changes. *Id.* The agreed-upon language appears in the written

8    settlement agreement, attached as Exhibit E to defendants' motion (#25).

9         Subsequent to this discussion, plaintiff asked for new consideration before he would sign

10   the settlement agreement. These items include copying of documents from another of plaintiff's

11   lawsuits, items of personal property from the prison store, and a color television (#25, Geddes

12   decl.). Defendants' counsel declined, and this motion followed.

13        **II.    Discussion and Analysis**

14        Courts have inherent authority to enforce settlement agreements between parties in

15   pending cases. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-

16   1014 (9th Cir. 2003). (*cert. granted and judgment vacated on other grounds by Quest Corp. v.*

17   *Metronet Services Corp.,* 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131,

18   1136-1138 (9th Cir. 2002); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957, (9th Cir. 1994).

19   Moreover, a material term of this settlement agreement was that the court retained jurisdiction

20   over the settlement until the stipulation for dismissal was lodged with the clerk of court.

21        To enforce a settlement agreement, two elements must be satisfied. *Marks-Foreman v.*

22   *Reporter Pub Co.*, 12 F.Supp 1089, 1092 (S.D.Cal. 1998). First, the settlement agreement must

23   be complete. *Id., citing Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276

24   F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties

25   or their authorized representatives concerning the terms of the settlement. *Marks-Foreman*, 12

26   F.Supp at 1092, *citing Harrop v. Western Airlines, Inc.,* 550 F.2d 1143, 1144-1145 (9th Cir.

27   1977), Doi, 276 F.3d at 1137-1138. Where parties raise objections after the parties agree to a

28   settlement, the court may rightfully deny such objections. *Harrop,* 550 F.2d at 1144.

1  　　　The court must first consider whether the settlement agreement was complete. *Marks-*

2  *Foreman, supra,* at 1092.  In this case, as in *Doi,* 276 F.3d 1131, the parties spent several hours

3  in private and joint sessions and agreed to a settlement of this case.  The parties and counsel then

4  reconvened in open court to place the material terms of the agreement into the record (#24).  The

5  parties and counsel stated that they understood and agreed that they had a binding settlement that

6  day, that the terms could not be changed, even though a written settlement agreement

7  memorializing the terms would follow.  The settlement was complete on November 18, 2008,

8  when the parties agreed to each material term.

9  　　　The court must next consider whether the settlement agreement was the result of an

10  agreement of the parties or their authorized representatives.  *Marks-Foreman, supra,* at 1092.

11  There is no dispute that plaintiff and defendants' authorized representative agreed to the stated

12  terms of the settlement, which were later reduced to writing in the settlement agreement, attached

13  as Exhibit E to defendants' motion (#25).

14  　　　Plaintiff contends that the settlement agreement was not intended to include portions of

15  the case that this court dismissed in its screening order (#10) or the dismissal of defendant

16  Jackson as a party.  As noted earlier, the court listened to the entire tape of the hearing during

17  which the terms of the settlement were placed on the record, and there was no discussion

18  whatsoever about carving out any claims for relief or allowing plaintiff to retain claims against

19  any named defendants in the case. The court specifically asked the parties and counsel if they

20  understood and agreed that *all* claims related to this litigation were to be dismissed, and plaintiff

21  agreed to that term.  There was a full and complete settlement of the entire case.

22  　　　Plaintiff next claims that defendants reneged on the settlement agreement when plaintiff

23  asked for an adjustment for the copy work.  The court finds that it was plaintiff, not defendants,

24  who sought to modify the settlement terms by attempting to obtain copies of documents never

25  discussed or identified during the settlement conference.  The court asked plaintiff to identify the

26  documents he sought to have copied in open court, and he did so.  Those are the only documents

27  subject to the copying requirement under the settlement agreement.

28

1    Finally, plaintiff seeks to add new consideration in the form of a color television and other

2    items of personal property from the prison canteen.  These items were not part of the agreed-upon

3    consideration when the settlement terms were placed on the record, and plaintiff is bound by the

4    agreement he made on November 18, 2008.

5    **III.    Conclusion**

6    The parties agreed to the materials terms of the settlement in the case and placed them on

7    the court record.  Plaintiff received what he bargained for at the early mediation conference as

8    more fully set forth in the settlement agreement, attached as Exhibit E to defendants' motion

9    (#25).  Defendants did not agree that certain claims or parties to this litigation would survive this

10   settlement, nor did they agree to the additional consideration that plaintiff now requests.  The

11   bargain is memorialized in the settlement agreement (#25, Exhibit E) and in the court's record,

12   and defendants stand ready and willing to perform in accordance with the agreement.  Plaintiff's

13   change of heart with respect to the settlement is no basis to set it aside.

14   The court notes that plaintiff has refused to sign the written settlement agreement (#25,

15   Exhibit E), and the stipulation for dismissal of this case with prejudice.  The court anticipates that

16   plaintiff will continue to refuse to sign these settlement documents.   Therefore, this court

17   recommends that the District Court grant defendants' motion to enforce the settlement (#25) and

18   order that the settlement agreement attached as Exhibit E to defendants' motion be ratified as a

19   binding agreement.  The court further recommends that the defendants be ordered to perform as

20   agreed in the settlement agreement (Ex. E), and the District Court order this case dismissed with

21   prejudice  with  the  parties  to  bear  their  own  costs  and  attorney's  fees.   The  court  further

22   recommends that the District Court deny plaintiff's motion for order enforcing the settlement

23   agreement (#26).

24   The parties are advised:

25   1.    Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

26   the parties may file specific written objections to this report and recommendation within ten days

27   of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

28

6

1  Recommendation" and should be accompanied by points and authorities for consideration by the

2  District Court.

3       2.   This report and recommendation is not an appealable order and any notice of appeal

4  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

5  judgment.

6  **IV.    <u>Recommendation</u>**

7  **IT IS THEREFORE RECOMMENDED** that the District Court enter an order as

8  follows:

9      1.    **GRANTING** defendants' motion to enforce the settlement (#25),  order that the

10         settlement agreement attached as Exhibit E to defendants' motion be ratified as

11         a binding agreement, and attach Exhibit E to its order for the court's record;

12      2.    **ORDERING** defendants to perform under the terms of the settlement agreement

13         as outlined in Exhibit E;

14      2.    **DISMISSING** this case **with prejudice** with the parties to bear their own costs

15         and attorney's fees; and

16      3.    **DENYING** plaintiff's motion for order enforcing the settlement agreement (#26).

17      **DATED:** January 15, 2009.

18

19  _____

20     **UNITED STATES MAGISTRATE JUDGE**

21

22

23

24

25

26

27

28

7