1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FRANK ORTIZ,                                    )
                                                )          3:07-cv-00531-RCJ-VPC
            Plaintiff,                          )
                                                )
    v.                                          )          <u>**REPORT AND RECOMMENDATION**</u>
                                                )          <u>**OF U.S. MAGISTRATE JUDGE**</u>
ISIDRO BACA, *et al.*,                          )
                                                )
            Defendants.                         )          June 11, 2010
_____ )

        This Report and Recommendation is made to the Honorable Robert C. Jones, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for order invalidating settlement

agreement and motion for sanctions (#47).  Defendants opposed the motion (#49), and plaintiff

replied (#51, #54).  The court recommends that plaintiff's motion be denied and that the District

Court enter an order to the Clerk of Court to close this case in full.

                    **I. HISTORY & PROCEDURAL BACKGROUND**

        Plaintiff Frank Ortiz ("plaintiff"), acting in *pro se*, is currently a prisoner at Ely State Prison

("ESP") in the custody of the Nevada Department of Corrections ("NDOC").  Plaintiff originally

brought his civil rights action against the defendants in state court, and defendants removed the case

to federal court (#1).  The court need not address the facts underlying the cause of action and does

not address them here.

        The parties ostensibly settled this case on November 18, 2008 (#24).  Disagreements

concerning the terms of the agreement resulted in the parties filing cross-motions to enforce the

settlement agreement (#25, #26).  On January 15, 2009, this court issued a Report and

Recommendation in which it recommended that the District Court order defendants to perform under

the terms of the settlement agreement.  *See* #25, Ex. E (containing a full copy of the parties'

settlement agreements).  In relevant part, that settlement agreement provided that defendants pay

1   plaintiff thirty-nine dollars and sixty-eight cents ($39.68) and provide copies of documents from a

2   separate lawsuit that plaintiff had filed in 2001.  *Id.* pp. 48-49.[1]

3          However, the settlement agreement, drafted by defendants, contained certain ambiguities.

4   Although the agreement clearly provided for one-hundred twenty-nine (129) pages of documents,

5   the next subsection of the agreement noted that the "documents" consisted of only twenty-four (24)

6   pages. *Id.*

7          On October 23, 2009, the District Court accepted and adopted this court's Report and

8   Recommendation (#43). The District Court issued an order for defendants to perform all obligations

9   under the settlement agreement.  *Id.*  Defendants did not promptly perform their obligations under

10  the agreement.  Plaintiff submits a letter that he sent to defendants on November 3, 2009 (#51, Ex.

11  1).  In that letter, plaintiff noted the District Court's order and requested that defendants furnish him

12  with the twenty-four (24) pages of court documents listed in the settlement agreement and deposit

13  the remainder of the money in his Trust 2 account. [2]  Whether defendants received the letter is not

14  known.  Nevertheless, defendants did not respond to plaintiff's letter nor did they perform any of the

15  obligations in the settlement agreement.

16         On November 30, 2009, plaintiff filed the instant motion, presumably in an effort to get

17  defendants to act (#47).  He noted (1) that defendants had not deposited funds into his account, and

18  (2) that defendants had not provided the copied documents.  *Id.*  Plaintiff sought to sanction

19  defendants for their violation of the court order, and he also sought to invalidate the settlement

20  agreement.  *Id.*

21         After plaintiff filed the instant motion with the court, defendants began to perform.  On

22  December 2, 2009, defendants tried to contact plaintiff to clarify how many documents plaintiff

23

24  ───────────────

25         [1]    The copied documents included one-hundred twenty-nine (129) pages from *Ortiz v.
    *Abrahamson*, No. 3:01-cv-0018-HDM-RAM.  *See* #25, Ex. E, pp. 48-49.  At eight cents per page, the total
26  value of the copy work amounts to ten dollars and thirty-two cents ($10.32), bringing the "total value" of the
    settlement to fifty dollars ($50.00).

27         [2]    With this understanding, twenty-four pages at eight cents per page would amount to one
28  dollar and ninety-two cents ($1.92).  The plaintiff then requested that the remainder ($48.08) be deposited
    to his account.

1   wanted (#49, p. 2).  However, plaintiff refused to discuss the matter further with defense counsel.
2   *Id.*

3       On December 4, 2009, defendants deposited thirty-nine dollars and sixty-eight cents ($39.68)
4   into plaintiff's Trust 2 account (#52, Ex. A).  One week later, they deposited eight dollars and forty
5   cents ($8.40) into plaintiff's Trust 2 account and delivered one hundred twenty-nine (129) pages of
6   documents to plaintiff (#50, Ex. B).

7       Although plaintiff has not withdrawn his motion, plaintiff submitted an amended reply to
8   defendants' opposition in which he does not expressly mention that defendants have performed their
9   obligations, but he implicitly makes that point (#54).  He narrows his request for sanctions against
10  defendants, not for failure to comply with the court's order, but for "delay" in compliance with the
11  court's order.  *Id.*

12                          **II.  DISCUSSION & ANALYSIS**

13      "Settlement agreements are designed to, and usually do, end litigation, not create it."  *In re*
14  *City Equities Anaheim*, 22 F.3d 954, 957 (9th Cir. 1994).  "This circuit also recognizes a trial court's
15  inherent enforcement power."  *Id.* (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir.1978)).
16  Summary enforcement evolved because "high judicial favor" has been accorded to the voluntary
17  settlement of disputes and the efficiency of having one court see litigation through to its conclusion
18  avoids the duplication of effort. *See Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.Cir.1969), *cited*
19  *with approval in In re City Equities Anaheim*, 22 F.3d 954 (9th Cir. 1994).

20  **A.    Invalidating a Settlement Agreement**

21       "The construction and enforcement of settlement agreements are governed by principles of
22  local law which apply to interpretation of contracts generally."  *O'Neil v. Bunge*, 365 F.3d 820, 822
23  (9th Cir. 2004) (quoting *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)).  A compromise or
24  settlement agreement is treated like other contractual arrangement, and in Nevada, it may be
25  invalidated on failure to establish the essential elements and is binding unless it was the result of
26  fraud, mistake, or improper means.  *See May v. Anderson*, 119 P.3d 1254, 1258, 121 Nev. 668, 673-
27  74 (2005); *Stonecifer v. Yellow Jacket Silver Mining Co.*, 3 Nev. 38, 1867 WL 2014, at *5 (Nev.
28  1867).

1    Here, the court clearly defined the relevant portions of the agreement in its previous Report

2 and Recommendation, and it need not reiterate that ruling here. *See* #37. Plaintiff does not raise any

3 issue as to the essential terms of the agreement, nor does he mention that the settlement was obtained

4 by means of fraud, mistake or improper means. Plaintiff's only contention is that defendants were

5 merely late to perform. Therefore, the court finds that there is no basis on which to invalidate the

6 agreement.

7 **B.    Sanctions**

8    Plaintiff requests that this court sanction defendants pursuant to LR IA 4-1 for their delay in

9 complying with the terms of the agreement (#47, p. 1).

10    Local Rule IA 4-1 provides:

11        The court may, after notice and opportunity to be heard, impose any
          and all appropriate sanctions on an attorney or party appearing in *pro*
12        *se* who, without just cause:

13            (a) Fails to appear when required for pretrial
              conference, argument on motion, or trial;
14            (b) Fails to prepare for a presentation to the court;
              (c) Fails to comply with these rules; or
15            (d) Fails to comply with any order of this court.

16 LR IA 4-1.

17    Defendants do not provide any evidence to demonstrate that they diligently complied with

18 the District Court's October 23, 2009, order. Their "action" in compliance with the settlement

19 agreement is more aptly characterized as a "reaction" to the opposing party's filing of a motion. The

20 court finds it frustrating when, in situations such as these, a plaintiff must turn to the court and file

21 a motion to spur an opposing party to perform its obligations. This court's recommendation was

22 issued in January 15, 2009, and the District Court adopted that recommendation. On October 23,

23 2009, it ordered that defendants deposit funds to plaintiff's Trust 2 account. Notwithstanding any

24 confusion over the number of documents to be provided, defendants could have promptly delivered

25 the funds to plaintiff. Instead, defendants deposited funds on December 4, 2009, six weeks after the

26 issuance of the order and four days after plaintiff filed the instant motion. *See* #52, Ex. A. The court

27 understands that defendants face particular hurdles in coordinating action amongst particular state

28 government entities, but their failure to act within a reasonable time imposes burdens not only on

4

1    plaintiff but also the court.

2         The court notes that it would be within its discretion to sanction defendants; however, the

3    court ultimately determines that defendants' conduct, in this particular instance, should not be met

4    with sanctions.  Once apprised of the need to act, it appears that defendants moved expeditiously to

5    perform the obligations under the settlement agreement and provided plaintiff with all benefits from

6    the agreement.  Moreover, defendants appeared to err on the side of caution and provided plaintiff

7    with the full benefit of forty-eight dollars and eight cents ($48.08) in his Trust 2 account as well as

8    all one hundred twenty-nine (129) pages of documents.

9         Therefore, plaintiff request for sanctions is denied.

10                          **III.  CONCLUSION**

11        The court finds that defendants have complied with all obligations under the agreement and

12   that any delay in performance is not worthy of sanction.  Therefore, the District Court should enter

13   an order denying plaintiff's motion (#47), dismissing the case with prejudice, and directing the clerk

14   of court to close this file.

15                        **IV.  RECOMMENDATION**

16        The court respectfully recommends that plaintiff's motion for order invalidating settlement

17   agreement and motion for sanctions (#47) be **DENIED**; that the case be **DISMISSED** with

18   prejudice; and that the District Court direct the Clerk of Court to **CLOSE** this action and terminate

19   it in its entirety.

20        The parties are advised:

21        1.    Pursuant to 28 U.S.C.  § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

22   the parties may file specific written objections to this report and recommendation within fourteen

23   days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

24   Recommendation" and should be accompanied by points and authorities for consideration by the

25   District Court.

26   ///

27   ///

28   ///

2.     This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED:** June 11, 2010.

_____

**UNITED STATES MAGISTRATE JUDGE**